UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMIKA PROFIT | * | CIVIL ACTION NO. 23-7103 |
| | * | |
| VERSUS | * | DIVISION 1 |
| | * | |
| GERMANIQUE C. COLEMAN, ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| | * | |
| | * | |
| ************************************ | * | |

ORDER AND REASONS

This cause of action arises out of the shooting death of the minor, J.Q., at or around a property that had been rented by an alleged unnamed minor through the Airbnb platform. Plaintiff has moved to remand, but her Motion to Remand (ECF No. 11) must be denied because she has no possible claim against the homeowner/lessors and, therefore, diversity of citizenship between the parties is complete.

Background

Germanique Coleman and Brandon Harry[1] owned the property at 1121 Bartholomew Street in New Orleans during the relevant period. They contracted with Airbnb to rent the property through Airbnb's online service. Airbnb acts as a marketing and brokerage service that connects renters with properties available for rent on a short-term basis.

According to the Petition, an unemancipated minor contracted with Coleman and Harry through Airbnb for the rental of the Bartholomew Street property and hosted a party there on April 14, 2023. Plaintiff Tamika Profit's minor child J.Q. was invited to the party. Profit alleges that J.Q. was shot at the party. The police report states that J.Q. was discovered shot and non-responsive in

---

[1] Mr. Harry was improperly named as Harry Brandon.

the passenger seat of a car parked on Bartholomew Street at approximately 1:17 a.m. on April 15,

2023. J.Q. subsequently died.

Of relevance to the present motion, Profit created an Airbnb account on May 25,

2020. When she did so, she consented to the Terms of Service. Section 19 of those Terms

contains an arbitration clause providing that:

> You and Airbnb mutually agree that any dispute, claim or controversy arising out
> of or relating to these Terms or the applicability, breach, termination, validity,
> enforcement or interpretation thereof, or to the use of the Airbnb Platform . . . will
> be settled by binding individual arbitration (the "Arbitration Agreement"). If there
> is a dispute about whether this Arbitration Agreement can be enforced or applies to
> our Dispute, you and Airbnb agree that the arbitrator will decide that issue.

ECF No. 8-2, at 33. Airbnb updated its Terms of Service, and Profit consented to the amendment

on January 22, 2021, at login. The amended Terms of Service provide at Section 23 that:

> You and Airbnb mutually agree that any dispute, claim or controversy arising out
> of or relating to these Terms or the applicability, breach, termination, validity,
> enforcement or interpretation thereof, or any use of the Airbnb Platform . . . will be
> settled by binding individual arbitration (the "Arbitration Agreement"). If there is
> a dispute about whether this Arbitration Agreement can be enforced or applies to
> our Dispute, you and Airbnb agree that the arbitrator will decide that issue.

ECF No. 8-2, at 114.

In this lawsuit, Profit alleges that Airbnb, Coleman, and Harry knew or should have known

that the Bartholomew Street property was occupied solely by unsupervised minors. She alleges

that defendants' fault, negligence, and omissions are responsible for all of her damages. She asserts

a claim for wrongful death under Louisiana Civil Code article 2315.2 and a survival action under

article 2315.1.

Airbnb removed the case from state court on November 29, 2023, alleging that Coleman

and Harry had been fraudulently joined to destroy diversity jurisdiction because there is no basis

for a claim against them.

2

The present Motion to Remand followed. On August 14, 2024, this case was referred to the undersigned in light of the parties' consent pursuant to 28 U.S.C. § 636(c).

Law and Analysis

1. *Improper Joinder*

This court has original jurisdiction of "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332.  Defendants may remove a State court action to this Court when it has original jurisdiction over it. Id. § 1441(a). But "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." Id.  § 1359. This situation "can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

The test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004). "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id.  Or, where plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry." Id.  "[T]he burden on the removing party is to prove that the joinder of the in-

3

state parties was improper—that is, to show that sham defendants were added to defeat jurisdiction." Id. at 575.

*2. Analysis*

Profit argues that she has a plausible claim against Coleman and Harry because property owners can be held liable for third-party criminal conduct under Louisiana law.[2] She has alleged that Coleman and Harry contracted with an unemancipated minor for unsupervised use of the Bartholomew Street property, and she submits that they did so at their own peril. She insists that it was foreseeable that unsupervised parties thrown by minors would end in harm or death.

However, Profit has not cited any cases that could support finding that Coleman and Harry owed a duty to J.Q. Negligence and premises liability claims are subject to the duty/risk analysis, which requires the plaintiff to establish:

> 1. The defendant had a duty to conform his conduct to a specific standard (the duty element); 2. The defendant's conduct failed to conform to the appropriate standard (the breach element); 3. The defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); 4. The defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and 5. Proof of actual damages (the damages element).

Johnson v. Evanston Ins. Co., 2022-0804 (La. App. 4 Cir. 6/14/23), 368 So. 3d 703, 710–11. As Airbnb points out, "[g]enerally, there is no duty to protect others from the criminal activities of third persons." Harris v. Pizza Hut of Louisiana, Inc., 455 So. 2d 1364, 1371 (La. 1984). And Louisiana courts have held that "a landowner/lessor owes no duty to guests or invitees of its lessee,

---

[2] Profit's Motion to Remand also invokes Louisiana Civil Code article 2317, which imposes liability for damage "caused by the act of persons for whom we are answerable, or of the things which we have in our custody." The corollary added in 1996 imposed the requirement that the owner "knew, or in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, that he failed to exercise such reasonable care" before the owner or custodian can be held liable for damage occasioned by the ruin, vice, or defect. La. Civ. Code art. 2317.1. In its opposition memorandum, Airbnb argues that Profit has not alleged that the property had a defect, vice, or ruin as these terms are interpreted by Louisiana law. It also argues that Profit's allegations fail to show that Coleman and Harry had custody or *garde* of the thing causing injury because she alleges they had transferred custody to the lessee. Profit does not contest these arguments in reply, focusing instead on her negligence theory under article 2315.

to protect them against misconduct of third persons in the absence of an assumed duty by the owner/lessor to provide security." Hodge v. Liquid Ventures, 634 So. 2d 1337, 1339 (La. Ct. App. 1994); see Patterson v. DeMatteo, 09-326 (La. App. 5 Cir. 10/27/09), 21 So. 3d 1094, 1097 (holding that a property owner/lessor with no ownership or control over the business operating at the property owed no duty to protect the patrons of the business from the criminal acts of unknown third parties); Mitchell v. Terry, 2020-527 (La. App. 3 Cir. 5/5/21), 319 So. 3d 451, 458 (holding that while a business owner has a duty to implement reasonable measures to protect patrons from foreseeable criminal acts, that duty does not extend to the lessor who has not assumed a duty to provide security); see also Ellis v. Quiett, 2019-0065 (La. 3/25/19), 266 So. 3d 887, 888 (holding that property owner/lessor had no duty to protect the plaintiff from criminal acts of third persons even though the lease required the lessor use certain payments due under the lease to provide security services for common areas because the lease also provided that the lessor "does not assume any responsibility for security").

Profit cites cases holding that a business owner may be liable for damage caused by a third-party criminal act. Banks v. Hyatt Corp., 722 F.2d 214, 226 (5th Cir. 1984), Caronia v. McKenzie's Pastry Shoppes, 97-0681 (La. App. 4 Cir. 10/1/97), 700 So. 2d 1315, 1319. But neither involves a lessor's liability for injuries of the lessee's invitee caused by third party crime. In Banks, the Fifth Circuit recognized that under Louisiana law, a business owner owes its invitees a duty to protect them from injury, but not from unforeseeable or unanticipated criminal acts. 722 F.2d at 220. The court of appeals also recognized that Louisiana imposes a higher standard of care on an innkeeper as to their guests. Id. The court affirmed judgment against the hotel, finding that its duty to its guests included a responsibility to "take reasonable precautionary measures" which extended to the area four feet from the hotel's door where a hotel guest was shot. Id. As to the owner of the

property, the court affirmed the district court's judgment n.o.v. in the owner's favor, finding that

its duty did not require it "to adopt precautionary measures to reduce the general risk of criminal

assault." Id. Profit does not contend that Coleman and Harry were innkeepers subject to a

heightened standard of care. The holding in Banks does not support finding they had a duty here.

In Caronia, a bakery customer sought to hold the bakery liable for injuries he suffered as a

result of an armed robbery at the bakery. 700 So. 2d at 1316-17. He alleged that the bakery owed

him a duty of protection from attacks because that bakery had been subject to prior robberies and

was located in an area that was prone to robberies. Id. at 1317. A Louisiana court of appeals

reversed the district court's grant of an exception of no cause of action, concluding that "[i]f the

plaintiff can prove that a sufficient pattern of prior criminal activity occurred at this particular

[bakery], creating a situation whereby a future assault was foreseeable, [the baker] may have a

duty to protect from such criminal misconduct. Id. at 1319. The court underscored that the plaintiff

had alleged that the bakery had been the subject of prior crime. Id. The Caronia case did not involve

liability of a property owner lessor. Moreover, unlike in Caronia, the plaintiff here has not alleged

that prior violent crime has occurred at the Bartholomew street property.

The Banks and Caronia cases do not counter the cited caselaw holding that a lessor owes

no duty to the invitees of the lessee unless the lessor has assumed a duty to provide security. And

Profit  does not allege any facts showing that Coleman and Harry assumed a duty for security at

the premises.

Profit also cites a case considering whether a premises owner could be liable for injuries

resulting from the lessee's mother's fall down a staircase. Johnson v. Evanston Ins. Co., 2022-

0804 (La. App. 4 Cir. 6/14/23), 368 So. 3d 703, 707. The Johnson case primarily focused on the

breach element. But the court also rejected the lessor's argument that the lessee had assumed

responsibility for the rental unit's condition,[3] holding that the lessee's agreement to maintain the house in good repair did not equate to assuming responsibility for the unit's condition. Id. at 716-17. Importantly, the Johnson case concerned a defect in the property, not the criminal acts of a third party, and is inapposite. Again, Profit has not alleged any facts that might support finding that Coleman and Harry assumed a duty to protect the invitees of their lessee from the criminal acts of unknown third parties.

Profit argues that Airbnb has previously argued that the property owner is responsible for the damage that occurs through an Airbnb rental. They cite Carroll v. American Empire Surplus Lines Insurance Co. In that case, plaintiff had rented a property from the property owner via the Airbnb platform and was injured when a staircase at the property collapsed. 289 F. Supp. 3d 767, 769 (E.D. La. 2017). The Court found that Airbnb did not owe a duty to plaintiffs because of a special relationship with them. Id. at 774. Further, the court found Airbnb did not have a duty arising out of custody or control over the property at issue because it did not have any. Id. at 775-76. Although Airbnb argued that it did not have custody or control over the property, the court's order does not reflect that Airbnb argued that the property owners should have been made defendants in the action or that the plaintiffs there would be able to state a claim against the property owners. Moreover, unlike the case at hand, the incident in Carroll involved an alleged physical defect at the property. Here, the injury is farther removed because it was caused by a third-party criminal act. As discussed above, "[g]enerally, there is no duty to protect others from the criminal activities of third persons." Harris, 455 So. 2d at 1371. Accordingly, the question of

---

[3] Civil Code article 2699 allows the lessee to contractually waive the lessor's warranty against vices and defects in certain circumstances, but notwithstanding this rule, pursuant to La. Rev. Stat. § 9:3221, "the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time."

whether the <u>Carroll</u> plaintiffs could state a claim against the property owners is different than whether plaintiff here can state a claim against Coleman and Harry. Airbnb's argument in <u>Carroll</u> does not estop it from arguing that the property owners have no duty to the plaintiff in this case.

The Court finds that Profit has failed to state a plausible claim against Coleman and Harry, and, as a result, they have been improperly enjoined, apparently for the purpose of defeating diversity jurisdiction.

Conclusion

Because Profit has not stated a claim against Coleman and Harry, they have been improperly joined.  They are hereby dismissed from this case, without prejudice. <u>See</u> <u>Bourgeois v. U.S. Shipping Corp.</u>, 683 F. Supp. 3d 548, 556 (E.D. La. 2023). Because diversity between the parties is complete, Profit's Motion to Remand is DENIED.

New Orleans, Louisiana, this 18th day of September, 2024.

Janis van Meerveld<br>United States Magistrate Judge