UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMIKA PROFIT | * | CIVIL ACTION NO. 23-7103 |
| | * | |
| VERSUS | * | DIVISION 1 |
| | * | |
| GERMANIQUE C. COLEMAN, ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| | * | |
| | * | |
| ************************************ | * | |

ORDER AND REASONS

This cause of action arises out of the shooting death of the minor, J.Q., at or around a property that had been rented by an alleged unnamed minor through the Airbnb platform. Because the arbitration agreement between the plaintiff and defendant is valid and pursuant to the parties' agreement, the issue of arbitrability of this dispute is one for the arbitrator to decide, defendant's Motion to Compel Arbitration (ECF No. 8) must be granted. Further, because plaintiff has failed to state a claim on behalf of J.Q., defendant's Motion to Dismiss (ECF No. 9) must also be granted.

Background

Germanique Coleman and Brandon Harry[1] owned the property at 1121 Bartholomew Street in New Orleans during the relevant period. They contracted with Airbnb to rent the property through Airbnb's service. Airbnb acts as a marketing and brokerage service that connects renters with properties available for rent on a short-term basis.

According to the Petition, an unemancipated minor contracted with Coleman and Harry through Airbnb for the rental of the Bartholomew Street property and hosted a party there on April 14, 2023. Plaintiff Tamika Profit's minor child J.Q. was invited to the party. Profit alleges that J.Q. was shot at the party. The police report states that J.Q. was discovered shot and non-responsive in

---

[1] Mr. Harry was improperly named as Harry Brandon.

1

the passenger seat of a car parked on Bartholomew Street at approximately 1:17 a.m. on April 15, 2023. J.Q. subsequently died.

In this lawsuit, Profit alleges that Airbnb, Coleman, and Harry knew or should have known that the Bartholomew Street property was occupied solely by unsupervised minors. She alleges that defendants' fault, negligence, and omissions are responsible for all of her damages. She asserts a claim for wrongful death under Louisiana Civil Code article 2315.2 and a survival action under article 2315.1.

Airbnb removed the case from state court on November 29, 2023, alleging that Coleman and Harry had been fraudulently joined to destroy diversity jurisdiction because there is no basis for a claim against them. The present Motion to Compel Arbitration and Motion to Dismiss, along with a Motion to Remand followed. On August 14, 2024, this case was referred to the undersigned in light of the parties' consent pursuant to 28 U.S.C. § 636(c). The Court has denied the Motion to Remand, finding that the in-state defendants were improperly joined. The Court now turns to the Motion to Compel Arbitration and Motion to Dismiss.

<u>Law and Analysis</u>

1. *Motion to Compel Arbitration*

    a. *Standard*

Upon application of one of the parties, the Federal Arbitration Act requires this Court to stay the judicial proceedings and compel arbitration of any issue referable to arbitration under a written arbitration agreement. 9 U.S.C. § 3; see <u>Dean Witter Reynolds, Inc. v. Byrd</u>, 470 U.S. 213, 217 (1985). Courts conduct a two-step inquiry to determine whether arbitration must be compelled: whether the parties agreed to arbitrate the dispute in question and, if so, whether legal constraints external to their agreement foreclose the arbitration of those claims. <u>Webb v. Investacorp, Inc.</u>, 89

2

F.3d 252, 257–58 (5th Cir. 1996). The determination of whether the parties agreed to arbitrate the

dispute requires consideration of "(1) whether there is a valid agreement to arbitrate between the

parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."

Id. at 258. The court must always determine whether a valid arbitration agreement exists, but the

"parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties'

agreement does so by 'clear and unmistakable' evidence." Henry Schein, Inc. v. Archer & White

Sales, Inc., 586 U.S. 63, 69 (2019) (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S.

938, 944 (1995)). Where the parties have delegated arbitrability to the arbitrator, "a court may not

override the contract . . . even if the court thinks that the argument that the arbitration agreement

applies to a particular dispute is wholly groundless." Id. at 68.

"When deciding whether the parties agreed to arbitrate a certain matter (including

arbitrability), courts generally . . . should apply ordinary state-law principles that govern the

formation of contracts." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). The

Terms of Service at issue contain a California choice-of-law provision. ECF No. 8-2, at 35, 113-

14; see Selden v. Airbnb, Inc., 4 F.4th 148, 156 (D.C. Cir. 2021) (applying California law to

determine whether the parties had agreed to arbitrate under Airbnb's Terms of Service). But Profit

contends that Louisiana law applies. There is no reason, however, to conclude that the two states

would interpret the agreement at issue differently. Both states recognize the defense of

unconscionability. Loewen v. Lyft, Inc., 129 F. Supp. 3d 945, 951 (N.D. Cal. 2015) ("Despite the

strong policy favoring enforcement of arbitration agreements, generally applicable contract

defenses such as fraud, duress, or unconscionability are applicable to arbitration agreements as

they are to other contracts."); Lafleur v. L. Offs. of Anthony G. Buzbee, P.C., 2006-0466 (La. App.

1 Cir. 3/23/07), 960 So. 2d 105, 112 ("Generally applicable contract defenses such as fraud, duress,

*or unconscionability,* may be applied to invalidate arbitration agreements without contravening the FAA.").

In both California and Louisiana, a contract provision is unconscionable and unenforceable where two conditions are met: (1) it is a contract of adhesion and (2) it is unduly harsh to one side or unreasonably favorable to the other. Loewen, 129 F. Supp. 3d at 951-52 ("One common formulation of unconscionability is that it refers to an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." (quoting Sanchez v. Valencia Holding Co., LLC, 61 Cal. 4th 899, 910, 353 P.3d 741, 748 (2015)); Lafleur, 960 So. 2d at 105 ("In order to be invalidated, a provision must possess features of both adhesionary formation and unduly harsh substance."). In Loewen, the Northern District of California enforced an arbitration clause in online terms of service where the individual had to view and assent to the terms of service before accessing the online platform. 129 F. Supp. 3d at 966. In Lafleur, a Louisiana court of appeals found the arbitration provision in an attorney-client contract was unenforceable, noting that "[t]rust is essential in attorney-client relationships" and finding that the arbitration clause in the pre-printed contract drafted by the attorney was unconscionable because it purported to bind the client to arbitration but allowed the attorney to pursue any and all remedies. 960 So.2d at 113.

       *b. Analysis*

Airbnb argues that the arbitration agreement in the Terms and Conditions between Profit and Airbnb covers the present dispute because it arises out of the use of the Airbnb Platform. Further, it argues that the parties delegated the threshold issue of arbitrability to the arbitrator. Thus, it submits that this case must be dismissed and referred to arbitration.

Profit does not dispute that she assented to the Terms of Service when she created her account and when she accessed her account after the terms were amended. She argues, though, that the arbitration clause is unenforceable because the parties had unequal bargaining power and because neither she nor Airbnb contemplated arbitrating the death of her son.

Unequal bargaining power, though, is not enough. Here, although there can be no dispute that Airbnb had the superior bargaining power when it required Profit to agree to the Terms of Service that it drafted, there is no basis to conclude that Profit did not agree to the Terms of Service or that the arbitration clause was hidden from her. The clause is in the same size font as the rest of the Terms, its heading is clear, its terms are bolded, and she affirmatively assented to the Terms of Service. And unlike in Lafleur, the relationship between Airbnb and Profit does not implicate fiduciary duties, nor does the arbitration clause contain unequal or unfair terms—it applies to both parties in the same way. The arbitration clause is not unconscionable.

Profit also argues that the arbitration clause does not apply to this dispute because the parties could not have contemplated arbitrating the death of her son. She argues further that the fact she created an account with Airbnb three years ago to rent an unrelated property should not bind her to arbitration of a dispute arising out of the rental of the Bartholomew Street property by an unemancipated minor. Importantly, though, these are questions of whether the dispute falls within the scope of the arbitration agreement. Here, the parties very clearly agreed that "[i]f there is a dispute about whether this Arbitration Agreement . . . applies to our Dispute . . . the arbitrator will decide that issue." ECF No. ECF No. 8-2, at 33, 114. This amounts to clear and unmistakable evidence that the parties agreed to submit the question of arbitrability to the arbitrator, not to the Court. And thus, even if the Court found the arbitration demand to be wholly groundless, it could not usurp the arbitrator's authority to decide whether the dispute falls within the scope of the arbitration agreement. See Henry Schein, 586 U.S. at 68; see also

5

Airbnb, Inc. v. Rice, 518 P.3d 88, 91 (Nev. 2022) (applying the Henry Schein rule and compelling the parties to arbitration where the plaintiffs had agreed to Airbnb's terms of service, even though their claim arose out of a shooting on or near the premises of a party hosted at a house rented by a non-party using the Airbnb platform, even though the court questioned whether the dispute could fall within the scope of the arbitration clause).

The parties here have a valid agreement to arbitrate. They have agreed that the arbitrator must decide whether any dispute they have falls within the scope of the arbitration provision. Accordingly, the arbitration clause must be enforced. Airbnb's Motion to Compel Arbitration must be GRANTED.

2. *Motion to Dismiss*

a. *Standard*

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the

speculative level." Id. (citation, footnote, and quotation marks omitted). On that point, the United

States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged. The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has acted
> unlawfully. Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility and plausibility of
> entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

### b. Analysis

Plaintiff contends that she has a viable tort claim against Airbnb. To state a claim for

negligence, plaintiff must:

> establish that (1) the plaintiff suffered an injury; (2) the defendant owed a duty of
> care to the plaintiff; (3) the duty was breached by the defendant; (4) the conduct in
> question was the cause-in-fact of the resulting harm; and (5) the risk of harm was
> within the scope of protection afforded by the duty breached.

Doe v. McKesson, 2021-00929 (La. 3/25/22), 339 So. 3d 524, 531. The issue in this case is whether

Airbnb owed a duty to J.Q., which is a question of law. See id. "In deciding whether to impose a

duty in a particular case, the court must make a policy decision in light of the unique facts and

circumstances presented." Posecai v. Wal-Mart Stores, Inc., 99-1222 (La. 11/30/99), 752 So. 2d

762, 766.

> The court may consider various moral, social, and economic factors, including the
> fairness of imposing liability; the economic impact on the defendant and on
> similarly situated parties; the need for an incentive to prevent future harm; the
> nature of defendant's activity; the potential for an unmanageable flow of litigation;
> the historical development of precedent; and the direction in which society and its
> institutions are evolving.

Id.

While Louisiana does not recognize a duty to protect others from third party criminal acts,

it does "recognize a duty not to negligently cause a third party to commit a crime that is a

foreseeable consequence of negligence." <u>McKesson</u>, 339 So. 3d at 531. In <u>Posecai</u>, the Louisiana Supreme Court held that to determine whether a business owner owes a duty to protect its customers from the criminal acts of third parties, the court must balance the "foreseeability of the crime risk on the defendant's property and the gravity of the risk." 752 So. 2d at 768. In the case before it, the plaintiff customer had been robbed in a Sam's Club parking lot. <u>Id.</u> at 764. The court found that Sam's did not have the requisite foreseeability to trigger a duty to provide security patrols or even lesser security measures where there were only three predatory offenses on its premises in the six and a half years preceding the incident at issue, only one of which was perpetrated against a customer and where the store only operated during daylight hours and needed to provide an accessible parking lot to its multitude of customers, even where the bordering neighborhood was considered a high crime area. <u>Id.</u> at 768-69.

In contrast, the Louisiana Supreme Court in <u>McKesson</u> found a duty had arisen. There, the plaintiff police officer was injured when an unknown demonstrator threw a rock or similar object that hit him in the face. <u>McKesson</u>, 339 So. 3d at 527. The court held that the plaintiff had plausibly alleged the demonstration organizer defendant had breached his duty of care in leading the demonstrators onto a busy highway where the police were likely to respond by clearing the highway and a confrontation between demonstrators and police was foreseeable, and yet despite the foreseeable risk to officers, bystanders, and demonstrators, he did so anyway. <u>Id.</u> at 531.

Airbnb argues that it has no duty under the facts of this case because no "special relationship" exists between it and J.Q. Although it appears that the Louisiana Supreme Court has not framed the duty question in terms of a special relationship,[2] there are cases from all of the

---

[2] The concept may arise at common law. For example, the Restatement (Second) of Torts § 315 provides that:
   There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

Louisiana courts of appeal that do so.[3] "Courts traditionally have found such relationships to exist between parent and child; employer and employee; carrier and passenger; innkeeper and guest; shopkeeper and business visitor; restaurateur and patron, jailer and prisoner; and teacher and pupil." Beck, 942 So. 2d at 672. In Carroll v. American Empire Surplus Lines Insurance Co., a court in this district held that Airbnb had no duty pursuant to general negligence principles to protect the plaintiff lessees from injury resulting from the collapse of a staircase at a property rented through Airbnb because there was no special relationship between plaintiffs and Airbnb. 289 F. Supp. 3d 767, 774 (E.D. La. 2017). The court explained that:

> At most, Plaintiffs allege that Defendant Airbnb was a "gatekeeper" to the Property, with the right to inspect the property at any time and delist the Property at will. Such a relationship does not involve the direct control, and corresponding responsibility, of the more custodial relationships that have traditionally given rise to a duty to protect third parties.

Id. 771–72 (E.D. La. 2017).

Plaintiff here does not contend that Airbnb and J.Q. had a special relationship. And the Court finds the facts alleged do not suggest any special relationship between Airbnb and J.Q., an

---

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
(b) a special relation exists between the actor and the other which gives to the other a right to protection.

Restatement (Second) of Torts § 315 (1965).

[3] Byers v. Edmondson, 97-0831 (La. App. 1 Cir. 5/15/98), 712 So. 2d 681, 687. ("We recognize that in Louisiana, a defendant does not owe a duty to protect a person from the criminal acts of third parties absent a special relationship which obligates the defendant to protect the plaintiff from such harm."); Beck v. Schrum, 41,647 (La. App. 2 Cir. 11/1/06), 942 So. 2d 669, 672 ("Louisiana law is clear that no duty to protect against or control the actions of a third party exists unless a special relationship exists to give rise to such a duty."); Lambert v. Word of Faith Ministries, 95-1436 (La. App. 3 Cir. 4/17/96), 673 So. 2d 1150, 1151 ("It is further well-recognized that an actor has no duty to control the conduct of a third person so as to prevent him from causing physical harm to another unless a special relationship exists between the actor and the other so as to afford the other a right to protection."); Irwin v. Rubens, 2011-0405 (La. App. 4 Cir. 9/7/11), 75 So. 3d 952, 955 ("Under Louisiana law, there is no duty to protect against the acts of a third party unless the defendant has a 'special relationship' with the victim."); L.P. v. Oubre, 547 So. 2d 1320, 1324 (La. Ct. App. 1989) ("We further recognize the legal principle that an actor has no duty to control the conduct of a third person so as to prevent him from causing physical harm to another unless a special relationship exists between the actor and the other so as to afford the other a right to protection.").

alleged guest at a party thrown by an alleged minor at a property rented through the Airbnb platform.

Nonetheless, citing McKesson, Profit argues that Airbnb owed a duty to J.Q. because it was foreseeable that renting the house to a minor would result in third party crime. Indeed, there was no special relationship between the demonstration organizer and the police officer in McKennon, where, as noted above, the Louisiana Supreme Court found a duty.

Profit submits that here, Airbnb is aware of a community disturbance issue with its short-term rental products and should also be aware that renting a property to minors without parental supervision would be negligent. She argues that Airbnb has a duty to screen people who are its members and that it had a duty not to allow a minor to contract for a rental through their platform.

But McKesson does not support finding a duty here. Distinguishing the "special relationship" cases, a concurring justice in McKesson acknowledged that "[g]enerally, there is no duty to protect against or control the criminal acts of third parties unless a 'special relationship exists [between the victim and the non-criminal defendant] to give rise to such a duty.'" McKesson, 339 So. 3d at 545 (Crain, J., concurring) (quoting Beck, 942 So. 2d at 672). But the justice explained that no special relationship was required to find a duty in McKesson, because plaintiff alleged the organizer had engaged in conduct "designed to *provoke* a violent encounter with the police." Id.

The present case is not like McKesson, where the demonstration organizer took actions designed to provoke the dangerous situation that resulted in the police officer's injury. Plaintiff here alleges that Airbnb should have prevented a minor from renting the Bartholomew street property. This is not the type of provocation that gave rise to a duty in McKesson.

10

Moreover, as Airbnb argues, even if this case turned on the foreseeability of the harm, no facts alleged give rise to foreseeability. In Posecai, the Louisiana Supreme Court found that one instance of a predatory crime against a customer in the preceding six and a half years was not enough to create a duty. 752 So. 2d at 768-69. Here, not one prior instance of crime involving this property or the alleged minor lessee has been alleged. Plaintiff's theory is that it is foreseeable that allowing a minor to rent a property would result in the minor throwing an unsupervised party that would result in a shooting of one of the party's guests on or around the property. The harm is simply too attenuated from Airbnb to be foreseeable.

Plaintiff cites several other cases where courts found a duty. But they are not comparable to the present. Three involved injuries caused by intoxicated minors where the defendant either had knowledge that minors were consuming alcohol on the premises or illegally sold alcohol to the minor. The Wiltz v. Brothers Petroleum, L.L.C. case involved a drunk driving accident where a Louisiana court of appeals affirmed the jury's apportionment of 10% fault to the grocer for permitting a group of minors to consume a large volume of alcohol in its parking lot. 13-332 (La. App. 5 Cir. 4/23/14), 140 So. 3d 758, 769. In Kramer v. Continental Casualty Co., a court of appeals reversed the jury's verdict, finding that the off duty deputies serving as security guards for a motel owed a duty to the minors who were underage and drinking alcohol there where the deputies evicted the minors knowing they would drive off the premises and where one of them was later seriously injured in a car accident. 641 So. 2d 557, 568 (La. Ct. App.), as amended on reh'g (Sept. 2, 1994). And in Berg v. Zunmo, the Louisiana Supreme Court affirmed the jury's verdict finding a bar liable for selling alcohol to a minor who later participated in beating up the plaintiff and then running his truck into the plaintiff. 2000-1699 (La. 4/25/01), 786 So. 2d 708, 716. There is no allegation that Airbnb had knowledge that could reasonably suggest that a shooting might occur.

11

The fourth case cited by Profit involved the duty of an innkeeper to its guests for crime on or around its premises. <u>Banks v. Hyatt Corp.</u>, 722 F.2d 214, 225–26 (5th Cir. 1984). As noted above, an innkeeper is considered to have a special relationship with its guests that is not implicated here as to Airbnb and J.Q.

Plaintiff has not alleged facts that could plausibly establish that Airbnb had a duty to protect J.Q., an alleged guest at a property rented through the Airbnb platform, from criminal activity of a third party.[4] Accordingly, plaintiff has failed to state a negligence survival claim and Airbnb's Motion to Dismiss must be GRANTED.

Conclusion

Because Profit has failed to state a claim for a survival action asserted on behalf of J.Q., Airbnb's Motion to Dismiss (ECF No. 9) is GRANTED; Profit's survival claim is dismissed with prejudice. Further, Airbnb's Motion to Compel Arbitration (ECF No. 8) is hereby GRANTED because the arbitration agreement between Profit and Airbnb is valid and pursuant to the parties' agreement, the issue of arbitrability of this dispute is one for the arbitrator to decide. The parties are hereby compelled to arbitration, and this federal action shall be stayed and administratively closed pending that arbitration.

New Orleans, Louisiana, this 19th day of September, 2024.

_Janis van Meerveld_
Janis van Meerveld
United States Magistrate Judge

---

[4] Airbnb also argues plaintiff cannot state a claim for premises liability because Airbnb did not own or control the property. It further argues that it cannot be held liable for the host's alleged violation of short-term rental laws and/or regulations because it is immune under the Communications Decency Act. Profit did not address arguments in opposition and the Court finds it is not necessary to do so here.